UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 13, 2017

LETTER TO COUNSEL

    RE:    *Robert E. White v. Commissioner, Social Security Administration*;
              Civil No. SAG-16-2428

Dear Counsel:

On June 29, 2016, Plaintiff Robert White petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. White filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in March, 2012, alleging a disability onset date of December 31, 2011. (Tr. 173-86). His claims were denied initially and on reconsideration. (Tr. 106-13, 120-23). A hearing was held on July 30, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 41-61). Following the hearing, the ALJ determined that Mr. White was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-40). The Appeals Council denied Mr. White's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. White suffered from the severe impairments of "ischemic heart disease, cardiomyopathy, essential hypertension, obesity, and affective disorder." (Tr. 22). Despite these impairments, the ALJ determined that Mr. White retained the residual functional capacity ("RFC") to:

> perform at the sedentary level as defined in the Commissioner's regulations, 20 CFR 404.1567(a) and 416.967(a), except the claimant should do no climbing of ropes/ladders/scaffolds; can perform other postural movements such as stooping on an occasional basis; should do no work around dangerous machinery or unprotected heights; and should avoid concentrated exposure to temperature extremes and humidity. Additionally, due to depression, pain, and/or possible side effects of medication, the claimant is limited to performing simple instructions

> (no complex tasks), and due to concentration/focus problems, the claimant would be off task 5% of the work day.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. White could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 34-36).

Mr. White's sole argument on appeal is that the ALJ erroneously assessed his RFC. Pl. Mot. 4-9. Specifically, he contends that the ALJ failed to explain "the genesis of his conclusion that although [Mr. White] had moderate difficulties with regard to concentration, persistence, or pace, due to concentration and focus problems, he would be off task only up to five percent of the workday." *Id.* at 6. Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000).

Here, the ALJ failed to provide "an accurate and logical bridge" between Mr. White's limitations in concentration, persistence, or pace and the ALJ's RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that "[Mr. White] would be off task 5% of the work day." (Tr. 25). The ALJ, however, provided no support for this conclusion. Notably, the ALJ found that Mr. White had "moderate difficulties" in concentration, persistence, or pace. (Tr. 24). To support his conclusion, the ALJ noted that, although Mr. White "reported [that] he would be unable to watch a two hour movie due to his inability to focus and concentrate," "the evidence indicates [he] used to watch television from 1:00pm through bedtime and that his physician has agreed to compromise and allow [him] three hours of television per day." *Id.* Later in the opinion, the ALJ also found that Mr. White was able to "follow[] a three-step command," and cited Dr. Taller's determination that "his sustained concentration was slightly diminished." (Tr. 31). However, the ALJ failed to explain how these findings translate into a finding that Mr. White would be "off task 5% of the work day." (Tr. 25). An explanation of how that percentage was calculated is significant, since a relatively small increase could preclude competitive employment. *See Schlossnagle v. Colvin*, 2016 WL 4077672, at *4 (August 1, 2016) (holding that "being off task more than 10% of the time during an eight-hour workday would preclude all competitive employment."). Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Mr. White's difficulties in staying on task, and how those difficulties impacted the RFC assessment. *See Chandler v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1408, 2016 WL 750549, at *2 (D. Md. Feb. 24, 2016) (noting that "[i]t is unclear how the ALJ reached that particular conclusion, and is also unclear whether being off task only 5% of the workday is consistent with a 'moderate limitation in concentration, persistence or pace.'"). In light of this inadequacy, I must remand the case to the Commissioner for further analysis. On remand, the ALJ should consider the impact of Mr. White's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. White is not disabled is correct or incorrect.

*Robert E. White v. Commissioner, Social Security Administration*
Civil No. SAG-16-2428
April 13, 2017

      For the reasons set forth herein, Mr. White's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge